Livingston, J.,
 

 delivered the opinion of the court. The court does not understand the counsel for the appellant as contending- that there was any error in the sentence of the circuit court, or that any other than sentence of condemnation could have been pronounced there. It was, indeed, a very clear case, on the proceedings before that court. But it is supposed, that Mr. Bruen is entitled to an order for further proof ; and that the facts which he will be able to make out, if an opportunity be afforded him, will entitle him to a restitution of the property.
 

 Without rejecting the application, on account of its being made at so late a period, the court has looked into the proof which it is proposed to bring forward, and on comparing it with the proof already in the cause, we are of opinion, that it is totally incompetent to make out a title in the appellant. There is not the least reason to believe, that these goods were shipped, in consequence of any previous orders given to Mr. Watkinson, by merchants in this country, and transmitted by him to Messrs. Siddons & Johnston. On the contrary, whatever orders may have been sent to those gentlemen, by Mr. Watkinson, it is most manifest, that they did not, in this case, act upon them; for the invoice and letter accompanying the shipment announce, in terms not to be misunderstood, that these goods were sent to the United States for the exclusive account and at the sole risk of the British manufacturers.
 

 It has not escaped the notice of the court, that not one of the gentlemen who are alleged to have given orders for these goods on Messrs. Siddons
 
 &
 
 Johnston, through Mr. Watkinson, and who all reside in the United States, appears as a claimant for any part of them. Instead of this, we find them, or several of them, assigning their interest in this adventure, whatever it may be, to the claimant; but for what value dops not appear ; and every instrument takes care to express that the property is to bo recovered at the risk and expense of Mr. Bruen. Thus, is a total stranger to the shipment, * al and a mere volunteer, who may not have paid *a single cent for his 1 J title, made a party claimant : a mode of proceeding, novel at least, and well calculated to awaken suspicions not at all favorable to his pretensions. Whether a title to goods obtained in this way, would, under any circumstances, be sustained by a court of prize, we will not say ; but it is, in our opinion, sufficient reason, of itself, to refuse the party any opportunity to make further proof. Mr. Bruen not only does not pretend, that he owned any part of these goods, at or previous to the time of capture, but merely that he was the legal owner at the time of filing his claim ; and upon the affidavits now laid before the court, as the ground of an order for further proof, it appears, that this legal title was acquired in the way already mentioned ; that is, by a number of persons assigning to him a
 
 chose in
 
 action, which they must have considered of no value, or, at any rate, not worth pursuing. Such conduct can entitle the party to no favor or indulgence whatever. Upon the whole, the court is as well satisfied with the decree of the circuit court, as it is with the total insufficiency of the evidence in reserve
 
 *246
 
 to produce any alteration in it. The application, therefore, for further proof is rejected, and the sentence of the circuit court affirmed, with costs.
 

 Decree affirmed.