1829.

Scribner
v.
Williams.

---

[\*550]

### \*SCRIBNER *v.* WILLIAMS AND OTHERS.

Appellate courts which proceed according to the course of the civil law may allow the parties to introduce new allegations or further proofs.

But it is not a matter of course to receive further proof upon an appeal.

If the appellant wishes to offer new evidence, he should in his petition of appeal ask leave to produce further proofs, and state his excuse for not producing such evidence in the court below.

Upon an appeal from the sentence of a surrogate disallowing a will, this court will not change the appellant, he being the executor who propounded the will before the surrogate, by substituting the legatee, in order to give the legatee the benefit of the executor's testimony in favor of the will.

August 4th.

THE appellant applied to the surrogate of Westchester for probate of the will of Martha Williams deceased; and

the same being contested, the surrogate pronounced against the validity of the will. From this sentence of the surrogate the executor appealed to this court.

*A. Ward* now presented a petition in behalf of the appellant, and the husband of the principal legatee named in the will, praying that the name of the latter might be substituted as appellant; that the executor might be permitted to renounce the execution of the will, so as to become an admissible witness on the appeal; and that administration with the will annexed might be granted. To show that further proof could be introduced on the appeal, the counsel cited Consetio's Pr. of Eccl. Courts, 116.

*Jas. Smith*, for the respondents, insisted that the appellant could not be changed so as to make the executor a competent witness.

THE CHANCELLOR :—There is no doubt of the power of appellate courts, proceeding according to the course of the civil law, to allow the parties to introduce new allegations or further proofs. Such is the settled practice of the ecclesiastical courts in England, and of the admiralty courts in this country. But from the organization of the Court of Errors, it is doubtful whether any such right exists on appeals from the sentences or decrees of this court in testamentary causes. *In those courts where the right does exist, it is not a matter of course to allow the parties to produce further proofs. (The Euphrates, 8 Cranch, 385; The Pizarro, 2 Wheat. 227; The St. Lawrence, 8 Cranch, 434.) It would not be a safe or convenient rule to allow parties who have had the benefit of plenary proof before the judge *a quo*, to introduce new proofs to the same point before the judge *ad quem*, without any excuse for not having produced the evidence in the court below. If the appellant wishes to have the facts reviewed on new evidence in the appellate court, it would be proper for him, in his

[*551]

petition of appeal, to ask leave to produce further proofs, and state his excuse for not having produced them before.

But a more serious difficulty is presented in this case. The witness that the petitioners now wish to have examined is the sole appellant, and for aught that appears was the only party who promoted the suit before the surrogate. He now asks to abandon his appeal and renounce the execution of the paper propounded as a will, for the purpose of giving the legatee the benefit of his testimony. Without expressing any opinion as to the effect of the sentence of the surrogate on the rights of the legatee, or whether he is in a situation to appeal from that sentence, I am satisfied the relief prayed for in this case ought not to be granted.

Petition dismissed.