Charles E. Quincey, Respondent, *v.* Joseph F. Young et al., Appellants.

An order denying a motion to send back a cause tried by a referee to him for further findings will not be reviewed in this court, save upon appeal from the judgment.

Such an order is an intermediate order, involving the merits and necessarily affecting the judgment of the General Term, and in case of judgment of affirmance the order is reviewable here on appeal from such judgment. (Code, § 11, sub. 1.)

*It seems* that if upon appeal from judgment of affirmance this court should determine that the questions upon which the court below refused to require the referee to pass were material, that there was evidence upon which he might have found upon them in favor of appellant, and that such findings would have entitled him at General Term to a reversal of the judgment entered upon the report, the judgment of affirmance will be reversed, with directions that the General Term send back the case to the referee for the necessary findings.

(Argued September 30, 1873; decided October 7, 1873.)

Appeal from order of General Term of the Court of Common Pleas of the city and county of New York, affirming order

of Special Term denying defendants' motion that the cause
be sent back to the referee for further findings.

The facts appear in the opinion.

*B. F. Blair & Luther P. Marsh* for the appellants.

*Augustus F. Smith* for the respondent.

RAPALLO, J.   The issues in this action were tried before a
referee, who reported in favor of the plaintiff, and in his report
stated the facts found by him and his conclusions of law
thereupon.

Judgment was entered on the report on the 26th of Janu-
ary, 1872, and on the 27th and 29th of January, and 1st of
February, 1872, the defendants severally appealed to the
General Term from this judgment.

A case was thereupon made by the defendants for the pur-
poses of the appeal.   On the settlement of the case, the
defendants, relying upon section 268 of the Code and rule 41
of the Supreme Court, requested the referee to make a large
number of findings of fact in addition to those contained in his
report.   The referee made four additional findings in con-
formity with these requests.   Ten others he refused to make.
As to seventy-nine of the requests, he refused to find one way
or the other, or to pass upon the questions which they raised.
How the others were disposed of does not appear.

The defendants thereupon in October, 1872, moved the
court at Special Term for an order directing that the cause
be sent back to the referee, and that he be required to pass
specifically upon the several questions of fact raised by the
seventy-nine requests upon which he had declined to pass.

This motion was by an order dated on the 17th of January,
1873, denied.   On the 20th of January, 1873, the defendant
appealed from this order to the General Term, where it was
affirmed on the 16th of June, 1873.

It does not appear that the appeal from the judgment has
yet been heard at General Term.   The defendants appeal to
this court from the order of the General Term affirming the

order of the Special Term, which denied the motion for further findings, and the question now presented is whether this order should be separately reviewed in this court or whether it should be reviewed on appeal from the judgment.

The same question was carefully considered in the case of *Van Slyke* v. *Hyatt* (46 N. Y., 260), and we there came to the conclusion than an appeal to this court, from an order in respect to findings, should not be entertained before the decision of the General Term on the appeal from the judgment, and that the orders in respect to the findings should be reviewed on the appeal from the final judgment of the General Term in the action. There are several reasons for so holding. The General Term may reverse the judgment on the findings as settled, and in that event the proceedings of the appellant to obtain further findings, and the hearing in this court, would prove to have been superfluous and a waste of time and labor. If the General Term should affirm the judgment we would be subjected to the inconvenience of hearing the case twice, for generally it would require an examination of the whole record to determine whether the questions of fact, upon which the appellant desired to obtain findings, were or were not material to the issues in the cause, and the whole case must again be examined when it comes up on appeal from the judgment.

The case at bar is a forcible illustration of the inconveniences which would result from adopting the practice of reviewing refusals to pass upon facts, separately from a review of the final judgment. We are called upon, on this appeal from an order, to examine a voluminous record of nearly 500 printed pages, and to pass upon seventy-nine different requests, when one disposition which the General Term may make of the case will render these requests entirely superfluous, and a different disposition of it will compel us to again consider the case upon all its merits.

We think that the true solution of the difficulty is to treat the order of the General Term, affirming the denial of the motion for further findings, as an intermediate order, involv-

ing the merits and necessarily affecting the judgment of the General Term, and, therefore, reviewable on appeal from such judgment. (Code, § 11, sub. 1.)

In case, on appeal from the judgment, we should determine that the questions upon which the court below refused to require the referee to pass were material, that there was evidence upon which he might have found upon them in favor of the appellants, and that such findings would have entitled the appellants at General Term to a reversal of the judgment entered upon the report, we should, as a matter of course, reverse the judgment of affirmance rendered by the General Term. But it by no means follows that we should direct a reversal of the judgment entered upon the report of the referee, provided the only error consisted in the refusal of the court below to require him to pass upon the requests. Until the referee has found one way or the other upon the material controverted questions of fact, it cannot be determined whether his conclusions of law and the judgment thereon were correct or not. The judgment of this court in such a case should be, that the General Term send the case back to the referee for the purpose of obtaining the necessary findings. If, on the contrary, we should, on hearing the appeal from the judgment, decide that the questions upon which the referee was asked to pass were immaterial, or were mere items of evidence, not proper subjects for specific findings, and no error appeared in the decisions actually made by the referee, the judgment should be affirmed, and the case would be disposed of on one hearing instead of being heard in sections.

An observation in the opinion of ROBINSON, J., who decided the motion at Special Term, is worthy of comment. It is in substance that if among the 109 proposed additional findings of fact there might lurk one possessing materiality, the circumstance that it is concealed under such a mass of details would be deemed a sufficient excuse for its want of recognition by the referee or the court. We have not examined the various requests, and are not, therefore, prepared to say that

they are subject to this criticism. The amount of the judgment is large, being upward of $125,000, and this may account for extraordinary care and particularity on the part of the counsel for the appellants in preparing their case. But we concur in the spirit of the remark of Judge ROBINSON, and should give effect to it in a case where we were satisfied that the course pursued by an appellant was calculated to mislead the referee or the court below.

The present appeal should be dismissed, but without costs. All concur.

Appeal dismissed.