Andrews, J.
Article 2, title 4, of the Revised Statutes, entitled, “Of proceedings against corporations in equity” (2 R. S , 462), authorizes compulsory proceedings to be taken for the dissolution of an insolvent corporation and the distribution of its assets among its creditors. They may be instituted by a judgment creditor of the corporation, or, in cases under the thirty-ninth section, by the attorney-general or a stockholder.
The remedy given by the statute may be obtained in an action brought against the insolvent corporation; and when brought by a creditor he may make the directors or stockholders, who may be liable by law for the payment of the *146 debt, parties to the suit. (9 Paige, 600, § 43.) The court may sequestrate the property and effects of the corporation and appoint a receiver (§§ 36, 41), who, upon his appointment and the giving of security, becomes, as. the statute declares, vested with all its estate, real and personal, in trust for the benefit of creditors and stockholders. (Secs. 42, 67.)
The court, by the fifty-sixth section, may order notice to be published requiring creditors to exhibit their claims, and become parties to the suit, within a reasonable time, not less than six months, and in default thereof that they be precluded from the benefit of the decree which shall be made in the suit,.and from sharing in the distribution. ' The same section authorizes the court, upon the application of either party, and at any stage of the proceedings, to restrain all proceedings at. law.by any creditor against the defendants. By the forty-fourth section, any creditor may make directors or stockholders, who may be liable for the debt, “parties to the suit,” after a decree against the corporation, on filing, a supplemental bill, based on the decree. The forty-second section declares that the receiver shall possess the powers, and be subject to the obligations, conferred and imposed upon receivers appointed in proceedings under the third article of the title which relates to the voluntary dissolution of corporations. Power is given to the receiver by the seventy-third section of that article to settle, by reference, contested claims against the corporation, and the referee, if not selected by agreement, is tobe appointed by the officer who appointed the receiver, or by a judge of the court, residing in the same district with him. (2 R. S., 45, § 40.) The receiver is to call a general meeting of the creditors, at which all demands against the corporation shall be adjusted, as far as may be. (2 R. S., § 74.) The thirty-seventh section provides that, upon a final decree on the petition, the court shall cause a just • and fair distribution to be made of the property of the corporation among its creditors. The creditors who are entitled to share in the distribution are, by the seventy- *147 ninth section, declared to be those who shall have exhibited their claims, and whose debts shall have been ascertained. Provision is made for a final accounting by the receiver, upon a hearing of all the parties interested, and the decree of the court thereon is made final and conclusive upon all creditors and stockholders. (2 R. S., § 87.)
It plainly appears, from the provisions of the statute to which we have referred, that the right of any person, claiming to be a creditor of the corporation, to share in the distribution of its effects, in the hands of a receiver, appointed under article two, is to be ascertained and determined in the action or proceeding in which the appointment is made. The receiver, although he may be appointed in a suit brought by a single creditor or stockholder, takes the whole estate of the insolvent corporation for the benefit of all its creditors, and, before distribution is made, opportunity is to be given to creditors, not parties to the action in the first instance, to come in and make themselves parties to it, by the exhibition of their claims, and it is only when they make themselves parties that they can have the benefit of the decree. (45 N. Y., 310.)
Under the forty-fourth section any creditor, although not originally named as a party, may, in cases within it, file a supplemental bill against directors and stockholders, and the bill when filed is to be filed in the original action. It is essential to the complete and proper administration of the system established by the statute, that all questions respecting the claims of creditors upon the fund in the hands of the receiver, and its distribution, and the accounting by the receiver should be determined upon an application to the court in the action in which the receiver is appointed. Each creditor has the right to be heard in respect to his own demand, and to contest the demands of others. (9 Paige, 600; 2 Barb. Ch., 35.) If the receiver can be called upon to account by any creditor, in any district of the State, and to litigate with him, in a distinct proceeding, the question of his right to payment out of the fund, and that too as in this case without *148 notice to other creditors, it would produce great inconvenience, and entail great and useless expense, and would be likely in many cases to prejudice other claimants.
The receiver in this case was appointed under article two, in the suit of one Bage against the insolvent corporation, brought in the city of New York. It is not material to the point upon which our decision rests, under which article the appointment, was made, but as proceedings under the third article can only be taken upon the application of the trustees, directors, or officers of the corporation, or a majority of them, it seems sufficiently certain that the proceeding was not of that character. The plaintiff having recovered a judgment against the corporation in the county of Monroe, after the appointment ■of the receiver, made his motion in that county, in the suit in which her judgment was recovered, to compel the receiver to pay it, or its proper proportion, out of the assets of the insolvent corporation. The Special Term denied the motion without prejudice to a new motion, and the General Term reversed the order of the Special Term, and made a peremptory direction that the receiver pay the plaintiff’s judgment.
Without considering or passing upon the question whether the plaintiff has a remedy or was, or is, entitled to a distributivé share in the fund which came to the hands of the receiver,, we reverse the order of the General Term on the ground that her remedy, if it exists, must he sought by application to the court in the district in which the receiver was appointed, and in the action in which the appointment was made.
All concur.
Order reversed.