FRANK E. POTTER et al., Appellants, *v.* REYNOLDS CAR-
PENTER et al., Respondents.

Where there is conflicting evidence upon a question of fact in an action on
trial before a referee, a request on behalf of one of the parties to find
the fact as claimed by him, and a refusal by the referee, is not the
ground of an exception.

But, where the fact is material, and the referee refuses to make any find-
ing upon the subject, and the court, on motion, refuses to send the case
back for a finding as to such question of fact, a judgment of General
Term affirming the judgment entered upon the report of the referee, is
error.

In such case, on appeal to this court, the judgment of the General Term
will be reversed, but not the judgment entered on the referee's report;
the order will be, that the case be sent back to the referee to pass upon
the question of fact; and, when passed upon, the case can be re-heard
at General Term.

(Argued September 29, 1877; decided October 9, 1877.)

APPEAL from judgment of the General Term of the
Supreme Court, in the third judicial department, affirming a
judgment in favor of defendants, entered upon the report of
a referee.

The complaint in this action contained five counts: one
upon a promissory note, the others for work, labor and ser-
vices. The answer set up various counter-claims for work,
labor and services performed by defendants, and by one Hor-
ace Green, for plaintiffs. The reply alleged, in substance,
that, in pursuance of an agreement between the parties,
plaintiffs let defendants use their horse and wagon as an
equivalent for such services.

The evidence given as to such an agreement or under-
standing appears, in substance, in the opinion. The referee
found in favor of plaintiffs, as to the note; but allowed the
counter-claims, which more than balanced the note, and gave
judgment in favor of defendants for the balance. The
report contained no finding upon the issue presented by the
reply. Upon settlement of the case, plaintiffs' counsel made

various written requests for further findings, among others, the following:

"Twelfth. That between April 1, 1869, and April 1, 1874, the defendants used the plaintiffs' horse and wagon frequently in the business of said defendants, and that such use was worth more than the services performed by said defendants, and by Horace Green, stated in the eleventh clause of said report.

"Thirteenth. That neither party kept any account of such services or team work, and never made any charge therefor against the other parties, and the said defendants at the time did not intend to do so, supposing one service was equal to the other."

At the close of the requests, the referee was requested, in case he failed to find in accordance with the requests, that he would answer the requests as if they were interrogatories. The referee refused to make any findings as to said requests. Plaintiffs thereupon moved that the case be sent back to the referee, with directions to find upon the subjects embraced in the requests. The court denied the motion.

*E. F. Bullard*, for appellants.

*Esek Cowen*, for respondents.

RAPALLO, J. The points urged on this appeal relate principally to controverted questions of fact. It was the duty of the General Term to review the findings of the referee on those questions; we cannot do so after an affirmance by the General Term, so long as there is any evidence tending to support the findings.

We think, however, that the General Term should have sent the case back to the referee to pass upon the matters embraced in the twelfth and thirteenth requests. There was evidence which would have sustained a finding of the use by defendants of the plaintiffs' horse and wagon, and that it was the understanding of the parties that it should be deemed

an equivalent for the defendants' services in teaming, etc., as alleged in the reply, and that no charge should be made for such services. The evidence in support of these allegations is circumstantial and not conclusive, and, therefore, a mere request and refusal to find the facts as claimed would not have afforded good ground of exception. But the appellants' requests, although not very artificial in form, were, we think, in substance, requests to pass upon those questions, and the motion which was denied was to that effect, and the refusal was, in substance, to make any finding on the subject. The use of plaintiffs' horse and wagon was clearly proved, and the referee would have been authorized to infer that there was no agreement to make any further compensation for the services of defendants' team from the facts that they concede that during the whole five years, during which such services were rendered, they made no charge therefor, and that during the same period they had pecuniary dealings with plaintiffs, and made payments to them, without claiming any payment or allowance for such services; that neither party kept any account of the services rendered in teaming, and that no claim was made therefor on either side until this litigation arose, when the defendants set up the counter-claim against the note they had given to plaintiffs, of a gross sum for such services, lumped and estimated at $200 per annum. The referee would have been justified in disallowing this claim, and the General Term might have done so, had the facts been found.

The judgment of the General Term should be reversed, with the costs of the appeal to this court, but it does not follow that the judgment entered on the report of the referee should now be reversed. The order should be that the case be sent back to the referee, to pass upon the facts embraced in the twelfth and thirteenth requests. (*Quincey* v. *Young*, 53 N. Y., 504.) When these facts are passed upon, the case can then be reheard at General Term, and all the questions of fact and law will then be before it for review.

The other requests are either covered by the findings

made. or relate to items of evidence which were not proper subjects for findings. Only conclusions of fact need be found — not circumstances leading to such conclusions.

The only other exception to the rulings of the referee, which is insisted upon in the appellants' points, is to allowing the witness Gooding to testify as to the value of the teaming done by the defendants. It was not objected that he was not competent to judge of its value. No specific ground of objection was stated at the trial. He said he had never done any teaming himself, but that he knew the value of the services of horses, etc., and he testified to the value of the teaming as described in the testimony, which he had heard. We think this evidence was admissible under a general objection.

The judgment of the General Term should be reversed, with costs of this appeal, and the case sent back to the referee for further findings.

All concur, except FOLGER and MILLER, JJ., absent.

Judgment accordingly.