JULIA EMMA BURGER, Respondent, *v.* JOHN BURGER, Jr., Executor, etc., Appellant.

To authorize the General Term to review the facts on an appeal from a surrogate's decree admitting a will to probate, it is not essential that the surrogate's finding of fact should be challenged by an exception, nor is any request to find further facts necessary. An appeal on the facts, as well as on the law, is sufficient to give the appellate court jurisdiction, and an exception to a finding of fact is neither necessary or proper.

The questions which may be raised by exception under the Code of Civil Procedure (§ 2545), permitting an exception to be taken to the ruling of a surrogate upon an issue of fact, are questions of law. The finding of a material fact without evidence, a refusal to pass upon a question of fact, or to find a fact which the evidence conclusively establishes, if properly excepted to, raises a question of law, and to such a ruling an exception is permitted under said section ; but it has no relation to findings on controverted facts or to refusals to find facts not conclusively established.

An order of the General Term reversing, on the facts, the decree of the surrogate and directing issues to be tried by a jury, is not reviewable here.

*Angevine* v. *Jackson* (103 N. Y. 470) limited and distinguished.

(Argued October 10, 1888; decided December 11, 1888.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made April 19, 1887, which reversed, "for error of fact," a decree of the surrogate of Monroe county admitting to probate the will of John Burger, deceased, and directing a trial by jury of this question : "Was John Burger of sound and disposing mind at the time the will in question was executed ?"

*W. A. Sutherland* for appellant. The General Term had no power on the appeal taken from the surrogate's decree to reverse the decree and order a new trial before a jury. (Code, § 2545.) It had no power to review the facts, and its

reversal was, therefore, error. (*In re Hood*, 104 N. Y. 103, 108; *In re Kellogg*, Id. 648, 650; *Angevine* v. *Jackson*, 103 id. 470–472.) Julia Emma Burger, the appellant from the decree of the surrogate admitting the will to probate, and upon whose appeal alone the General Term reversed the decree, was not a party aggrieved within section 2568 of the Code. (*Vandemark* v. *Vandemark*, 26 Barb. 416; *Ross* v. *Wigg*, 100 N. Y. 243, 246; *Hall* v. *Brooks*, 89 id. 33, 36; *Hyatt* v. *Dusenberry*, 8 Cent. Rep. 78; *Fairbanks* v. *Corliss*, 1 Abb. 155; *Banta* v. *Kent*, 4 Week. Dig. 62; *Wheat* v. *Rice*, 15 id. 104; *People* v. *Horton*, 64 N. Y. 58.) Jurisdiction to entertain the appeal was not conferred upon the General Term by the fact that the proponent of the will appeared in that court by other counsel and argued the appeal. (*Wilmore* v. *Flack*, 96 N. Y. 512–518; *McMahon* v. *Rauhr*, 47 id. 67.) An appeal lies to this court from the judgment of the General Term reversing the surrogate. (*Angevine* v. *Jackson*, 103 N. Y. 470.) Upon an appeal from the General Term reversing the surrogate, the merits of the controversy are brought before the Court of Appeals, and it becomes the duty of this court to inquire into the facts. (*Hewlett* v. *Elmer*, 103 N. Y. 156, 166; *In re Ross*, 87 id. 514–516.)

*Thomas Raines* for respondent. The order states that the decree of the surrogate was reversed upon a question of fact, and directs a trial by jury of the issues. An appeal from such an order will not lie. (Code of Civil Pro. § 2588; *Sutton* v. *Ray*, 72 N. Y. 482.) The order is not a final order. (*Talbot* v. *Talbot*, 23 N. Y. 19, 20; Redfield's Surrogate Prac. [3d ed.] 317; 3 R. S 66, § 55; Id. 509, § 98; 72 N. Y. 483, 484; 3 R. S. [6th ed.] 70, § 82; Code, § 2588; *In re Ross*, 87 N. Y. 516, 517; *Hulett* v. *Elmer*, 103 id. 156; *Marvin* v. *Marvin*, 3 Abb. App. Dec. 192; *Sutton* v. *Ray*, 72 N. Y. 482.) Should the Court of Appeals reverse the decision of the General Term, it must still send an issue to a jury to be tried. It could not admit the will to probate. (Code of Civ. Pro. § 2588: *Sutton* v. *Ray*, 72 N. Y. 483, 484.)

ANDREWS, J.   This is an appeal by the executor of the will of John Burger, deceased, from an order of the General Term, reversing on the facts the decision of the surrogate of Monroe county, admitting the will to probate and directing an issue to be tried by a jury as to the mental capacity of the testator when the will was executed.   The appellant *in limine* insists that the General Term had no power to review the finding of the surrogate on the facts, for the reason that there was no sufficient exception in the case.   This question involves a consideration of the practice to be pursued on an appeal from the decree of a surrogate in probate cases, in order to enable the General Term to review his decision on the facts.   Section 2576 of the Code expressly authorizes an appeal to be taken from the decision of a surrogate " upon questions of law, or upon the facts, or upon both."   The contestant in her notice of appeal specified that the appeal was taken both on the law and the facts.   The surrogate, after the hearing, made and filed his decision, stating separately his findings of fact and his conclusion of law.   He found that the will was duly executed ; that at the time the testator was of sound mind, competent to make a will, and fully understood its contents, and was under no restraint ; and, as a conclusion of law from these facts, that the will should be.admitted to probate.   The contestant thereupon excepted in writing to " each and every part of the conclusion of law " found and contained in the decision of the surrogate, and made no other exception to the findings and no requests to find were made by either party.

The exception to the conclusion of law raised simply the question whether, upon the facts found or any supporting facts not specifically found, the conclusion was justified. (*Belknap* v. *Sealey,* 14 N. Y. 148 ; *Armstrong* v. *Du Bois,* 90 id. 97.)   The conclusion of the surrogate was plainly in accordance with his findings of fact, and the jurisdiction of the General Term to review the facts or to order issues, if it existed, must rest upon some other basis than this exception. The general power of the Supreme Court at General Term to review the decree of a surrogate admitting a will to probate,

and to reverse his decree on the facts and order issues to be tried by a jury when in its judgment the decision is contrary to or against the weight of evidence, or the facts are so doubtful that, in the opinion of the General Term, justice will be promoted by a retrial before a jury, is clearly recognized by the Code and is incontestable. (Code, §§ 2576, 2588.) The question is, by what procedure is this power to be invoked and how is the right of a party seeking its exercise regulated? There has always existed in this state in some tribunal a supervisory power over the decisions of a surrogate in probate cases upon the facts. Under the Revised Statutes an appeal was permitted to the circuit judge from a decision of a surrogate admitting or refusing probate of a will, who was authorized to reverse the decision on the law or the facts, and if the reversal was on a question of fact, to direct a feigned issue to be tried by a jury. (2 R. S., 66, §§ 55, 57.) This subject was not affected by the Code of Procedure of 1848, but, by chapter 185, of the laws of that year, the jurisdiction theretofore vested in the circuit judges in probate cases was transferred to the Supreme Court, and was thereafter exercised by the General Term. In the Supreme Court the practice was prescribed by rule 44. It provided that the appeal should be instituted by petition by the party appealing, which should briefly state the general nature of the proceedings and of the sentence, order or decree appealed from, and should specify the fact or facts complaimed of as erroneous, unless the whole sentence, order or decree was claimed to be so, in which case it was sufficient to so state. It was not, as we understand, necessary under the Revised Statutes, or the practice prescribed by rule 44, after the passage of the act of 1848, that an exception should have have been taken by the appellant from the decision of a surrogate admitting a will to probate as a prerequisite to the jurisdiction of the appellate court to pass upon the facts, and, in case of reversal upon the facts, to direct a feigned issue. Under rule 44, the filing of the petition alleging that the decision of the surrogate was

erroneous on the facts, raised the question whether his decision was supported by the facts or by the weight of evidence, and enabled the court to consider whether justice required a new trial before a jury. The review was in the nature of a rehearing in equity; and the court examined the case *de novo*, and it was held by the chancellor that the appellate court might allow the parties to introduce new allegations, or further proofs, in analogy to the procedure under the civil law. (*Gardiner* v. *Gardiner*, 34 N. Y. 164; *Clapp* v. *Fullerton*, Id. 195; *Devin* v. *Patchen*, 26 id. 441; *Scribner* v. *Williams*, 1 Paige, 550.) But it is claimed that the practice has been changed by the Code of Civil Procedure, and that it is now necessary, in order to permit the General Term to review the facts on an appeal from the decision of a surrogate granting probate, that his finding of facts must have been challenged by an exception. This construction is based upon section 2545 of the Code. That section permits an exception to be taken to a ruling of the surrogate on the trial before him of an issue of fact, including a finding or refusal to find upon a question of fact, " in a case where such an exception may be taken to a ruling of the court upon a trial without a jury, upon an issue of fact as prescribed in article 3, of title 1, of chapter 10 of this act," and also to a finding or refusal to find upon a question of fact, made on the settlement of the case. But the questions which may be raised by exception under section 2545 are questions of law. This was stated in the original note to the section, and is rendered plain by reference to the other sections of the Code to which it refers (§§ 992–998). The finding of a material fact without evidence, or a refusal to pass upon a question of fact, or to find a fact which the evidence conclusively establishes, if properly excepted to, raises a question of law for the appellate court, and to such rulings on questions of fact, section 2545 permits an exception. But the section has no relation to findings on controverted facts, or to refusals to find facts not conclusively established, or which are not

clearly inferable from the evidence. This construction is in accordance with the uniform construction in analogous cases. (*Potter* v. *Carpenter*, 71 N. Y. 74; *Stewart* v. *Morss*, 79 id. 629.) In the present case the surrogate found that the will was the sane act of a competent testator. It is not claimed that there was no evidence to support his finding. But it is insisted by the contestant that the preponderance of evidence was against his conclusion. This contention she had the right to present to the General Term, and that court had the power to determine it and to affirm or reverse the determination of the surrogate thereon, and on reversal to order issues.

The point of practice is, was the contestant bound to except to the surrogate's finding that the testator was sane, or to present a request that he should find that he was insane and incapable of making a valid will, and except to the refusal of the surrogate to find in accordance therewith, in order to enable her to argue the facts at the General Term, and the court to decide upon them? We think not, and are of opinion that the appeal from the decision of the surrogate on the facts as well as the law, was alone sufficient to give the appellate court jurisdiction to review the facts, and that an exception was neither necessary nor proper. In the ordinary case of an action triable by jury, the General Term has power to review the facts, and reverse and order a new trial if justice seems to require it, although there may be evidence to sustain the verdict. But in that case no exception is necessary to give the court jurisdiction. It is necessary, however, that a motion for a new trial should have been made and denied by the court below, for the plain reason that on such a motion the trial judge has, for the first time, an opportunity to pass on the facts, and the party making the motion may, by that means, obtain the necessary relief without an appeal. But an appeal from an order denying the motion gives the appellate court jurisdiction to review the facts, and it does not depend on any exception. (*Matthews* v. *Meyberg*, 63 N. Y. 656; *Hume* v. *Mayor*, etc., 74 id. 268; *Boos* v. *Ins. Co.*, 64 id. 236.)

We think the true rule under the Code is, that an

appeal on the facts from the decree of a surrogate admitting or refusing to admit a will to probate brings up for review in the Supreme Court the question of the sufficiency, weight, or preponderance of evidence, and the general merits of the decision; and that it is not necessary that any exception should have been taken to the findings of fact, or that there should have been any request for findings in order to give the General Term jurisdiction to review the facts, and reverse or affirm the decision of the surrogate thereon. But where the appeal is also upon the law, only such questions of law can be considered as have been properly raised by exception. If an exception was taken to the conclusion of law of the surrogate, it raises the question whether it was justified by the facts found. If taken to a finding of fact, it presents the question whether there was any evidence to sustain the finding. So, where the surrogate refuses to make any finding whatever on a question of fact, or where he makes or refuses to make a ruling upon any question of law, an exception lies and his decision may be reviewed in the appellate court. But an exception to facts found, or to a refusal to find upon a question of fact is only important to entitle the appellant to have a review, first in the Supreme Court, and afterwards in this court, of the strictly legal question which it is the office of an exception to present. But in the Supreme Court the facts are open for review without any exception. An application to a court for a new trial on the facts in no proper sense presents a question of law. It is an appeal to the conscience of the court, and it is asked to consider whether, on the whole facts, a new trial ought not to be had. The review on the facts by the Supreme Court, of a decision of a surrogate admitting a will to probate, still retains, in many features, the character of a rehearing in equity. This is quite clear from section 2586 of the Code, which permits the General Term, on appeal from the surrogate on the facts, to receive further testimony or documentary evidence and appoint a referee, and declares that the appellate court has the same power to decide the questions

of fact which the surrogate had. We are of opinion, therefore, that the point of jurisdiction of the General Term urged by the appellant is not well taken.

We are not sure that what has been said may not be inconsistent with some expressions in *Angevine* v. *Jackson* (103 N. Y. 470) but the principle there decided, that there must be an exception in order to raise a question of law in the appellate court, is unquestionably sound. The disposition of the point discussed leaves but little to be said. The General Term has power to reverse on the facts. The case of *Sutton* v. *Ray* (72 N. Y., 482), conclusively shows that this court will not review the order of the General Term directing issues. The claim that the contestant was not aggrieved by the decision of the surrogate has no force.

We think the proper disposition of the case is to dismiss the appeal, leaving it to stand upon the order of the General Term.

FINCH, J. I am inclined to agree in the result reached by the foregoing opinion, and to modify the doctrine of *Angevine* v. *Jackson*, so far as to hold that even in probate cases, and notwithstanding the supposed tenor of section 2545, an exception to a finding of fact is neither permissible nor necessary. In that action, nevertheless, our conclusion was correct, because no case was made and settled and signed by the surrogate, as the Code explicitly commands (§ 2576), when the appeal is sought to be taken upon the facts; and the papers did not show that the whole evidence was returned, as the General Terms have required by decisions which we have approved. (*Spence* v. *Chambers*, 39 Hun, 193 ; *Porter* v. *Smith*, 107 N. Y. 531.) While I thus agree that an exception to a finding of fact is not essential to a review of the facts, I am not yet sure that, by attacking the facts, one may review and reverse the final conclusions of law without any exception taken to them, or some of them ; or that an exception to such conclusions of law has no wider effect on an appeal to the General Term, where the facts are open to review, than we

have given it on appeal to this court, where the findings are, in general, conclusive. These questions are not involved in the case at bar, as presented for our consideration, and, while the law may be as intimated, I prefer to reserve a final judgment upon them till they are necessarily presented.

All concur with ANDREWS, J.; FINCH, J., concurring in result.

Appeal dismissed.