LANDON and INGALLS, JJ., concur.

---

In the Matter of the Probate of the Last Will and Testament of ISABELLA P. SARAUW, Deceased.

*N. Y. Supreme Court, Third Department, General Term, May 27, 1889.*

1. *Will. Findings of surrogate.*—Though a surrogate, in proceedings for the probate of a will, should have found facts in more detail, it is not sufficient ground for reversal, where he has found, as a matter of fact, that the will was not executed and attested in a legal manner.

2. *Same. Trial on Issues.*—The general term will not order a trial on the issues, where the surrogate, on conflicting evidence, has decided that the will has not been legally executed, and the general term is of the same opinion with the surrogate on the evidence.

3. *Same. Burden of proof.*—The affirmative rests with the proponent to

establish, by satisfactory evidence, that the will has been legally executed, and if he fails to do this, probate will not be granted.

Appeal from a decree of the surrogate's court, refusing probate to an instrument purporting to be a last will and testament.

*Z. S. Westbrook*, for appellant.

*Charles H. Mills*, for respondent.

PER CURIAM.—We see no ground for reversing the surrogate's decree.

He has found as a matter of fact that the will was not executed and attested in a legal manner. It is claimed by the appellants that he should have found facts in more detail. Even if this claim were just, it would be no sufficient ground for reversal. Decisions of law are not reversed merely because of a deficiency in the findings of facts, especially if the evidence in the case is sufficient to support the decision.

The testimony of one of the subscribing witnesses, Mrs. Messenger, shows that the deceased did not, either directly or indirectly declare the instrument to be her last will and testament. It also shows that she did not ask that witness to sign the will. There is no reason to question the truth and accuracy of her testimony.

So far as the testimony of the other witness tends to contradict that of Mrs. Messenger, it is far less to be depended upon. That other witness, from her own testimony, is only about fourteen; is, or has been, in the employment of persons interested in the will; has little knowledge of the obligation of an oath; only knows that telling a lie would hurt her reputation; contradicts herself in her testimony, and puts into the mouth of the deceased language so formal as to sound quite improbable.

Furthermore this witness declares that Mrs. Messenger signed as a witness before the deceased had subscribed her

35

name. So that upon her own account the execution was defective. Jackson *v.* Jackson, 39 N. Y. 153.

It is suggested by the appellant that the facts are doubtful, and therefore that the general term should reverse the surrogate, and send the case to a circuit for trial. And the appellant cites Burger *v.* Burger, 111 N. Y. 523 ; 20 N. Y. State Rep. 105.

That rule applies when, in the opinion of the general term, the surrogate has admitted a will to probate upon doubtful evidence.

But when the surrogate on conflicting evidence has decided that the will has not been legally executed, and the general term are of the same opinion with the surrogate on the evidence, there is no reason to order a trial on issue. It is for the proponent to establish, by satisfactory evidence, that the will has been legally executed. If the proponent fails to do this, probate should not be granted. For the affirmative rests with the proponent; and if he does not affirmatively establish the validity of the will, then the deceased must be held to have died intestate. Rollwagen *v.* Rollwagen, 63 N. Y. 517.

The decree of the surrogate is affirmed, with costs.