## *In re* PATTERSON'S WILL.

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

1. APPEAL FROM SURROGATE—REVIEW OF FACTS—FINDINGS—REARGUMENT.

Where the contestants of a will, having chosen to enter a decree refusing it pro-
bate without findings of fact, as required by Code Civil Proc. § 2545, argue an ap-
peal by proponents on the merits as an appeal upon the facts, they cannot take ad-
vantage of their own error, and demand a reargument, on the ground that findings
of fact were necessary.

2. SAME.

The want of such findings of fact will not affect the jurisdiction of the supreme
court to review the facts, as provided by Code Civil Proc. § 2586, where the notice
of appeal covered both the facts and the law, and the case was made and settled as
required for a review upon the facts.

Motion for reargument.   This was an appeal by George W. Patterson and
Eliza Brogan from a decree refusing probate of the last will and testament of
John Patterson, deceased, on the ground of undue influence exercised by said
George W. Patterson.   The decree was reversed.   For former opinion, see 13
N. Y. Supp. 463.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*W. H. Hamilton*, for the motion.   *Henry Hoyt* and *Christian G. Moritz*,
opposed.

BARRETT, J.   The general term did not overlook the nature of the case
here presented.   The respondents chose to enter a decree in the surrogate's
court without a preliminary decision containing the surrogate's findings of
fact and conclusions of law.   It appears that thereafter the appellants applie
to the learned surrogate for an order to show cause why such findings shoulc
not be made and filed in conformity with the provisions of section 2545 of the
Code, but the application was denied upon the ground—indorsed upon the
papers—that findings were not necessary.   The respondents now contend
that the learned surrogate was wrong, and that findings were necessary.   In
this contention they are probably correct, but the difficulty with their present
position is that they cannot be permitted to take advantage of their own er-
ror.   If upon the argument they had objected to a review upon the facts, be-
cause of the irregularity in their own practice, the court would have sus-
pended the consideration of the appeal until the findings had been made and
inserted in the appeal-book.   The result would necessarily have been the
same in the end.   Instead, however, of making any such objection or claim-
ing that the appellants were limited to a review upon the law, the respond-
ents argued the appeal upon the merits as an appeal upon the facts, and took
their chances of a favorable result.   The suggestion that the respondents re-
viewed the testimony merely to demonstrate that the surrogate had before
him some evidence to support his rejection of the will, so that such rejection
was not an error of law, is an after-thought, borne out neither by what ac-
tually transpired upon the argument, nor by the elaborate brief submitted in
support of the respondents' contention.   The same observation applies with
even greater force to the pretense that the discussion upon the facts pro-
ceeded upon the idea of showing that, even if certain testimony was improp-
erly admitted, such admission could not have prejudiced the appellants.   The
truth is that the appeal was unqualifiedly argued upon the facts, and that the
case was duly prepared and settled for that express purpose.   Exceptions
were unnecessary for the proper presentation of the question whether there
should be a new trial before a jury.   This was expressly held in *Burger* v.
*Burger*, 111 N. Y. 523, 19 N. E. Rep. 99, and 21 N. E. Rep. 50, where the
analogies of a rehearing in equity and of an appeal from an order denying a
motion for a new trial in a jury case were considered.   In the case at bar the
notice of appeal covered both the facts and the law.   It was general, and in
no wise limited the appellants to a review upon the law.   The case was made

and settled expressly as provided by law for a review upon the facts, and we found in it even the usual statement that it contained all the evidence. The general term, therefore, had jurisdiction to review the facts and to perform all the functions conferred upon it by section 2586 of the Code. We were in substance requested by the respondents to review the facts both in their argument and in their brief, and we were so requested after the respondents had signified by their practice, and the learned surrogate by his decision, that findings were deemed unnecessary. The motion for a reargument should therefore be denied, with costs. All concur.